Daniel, J.
 

 In April IS33, Mary Baldwin, the mother of the plaintiff, executed to him, a deed of gift of a slave named
 
 Hesse.
 
 After words of immediate gift comes this clause :■ “ that is, after my decease, to have and enjoy unto the said Godfrey Baldwin, his heirs,. &c.” At common law, the plaintiff could have derived no benefitunder this deed ; for the life estate in
 
 Hesse,
 
 which remained in the donor, was equal to the entire estate in the whole chattel, and there would have been no remainder to pass on her death, to her son. But such limitations, if contained in a last will and testament, (to-wit, to one for life, remainder over to another,) were always held good, as executory devises or bequests. The legislature, in the year 1823, passed an act declaring “that every limitation by deed or writing, of a slave, which limitation, if contained in a last will and testament, would be good and effectual as an executory devise or bequest, shall be good as a remainder of such slave, and any limitation made or reserved to the grantor or donor, in any such deed or writing of a slave, shall be good and effectual in law ;
 
 *125
 
 provided it bad been made to another person, it would have been good according to the preceding clause,”
 
 Rev. Stai. ch.
 
 37,
 
 sec. 32.
 
 The law is very well established, we believe, in all the slave holding States, that a bequest of a female slave to one for life, remainder to another, earries the mother, and her increase during the life estate, and to the remainder man, on the determination of the life estate. In the case now before us, the deed of gift transferred to the plaintiff an immediate interest in Hesse, but herself, and her issue born after the date of the deed, were not to be possessed and enjoyed by him until the death of his mother. We say her issue, because if she
 
 (Hesse)
 
 passed over to the plaintiff on the death of Mrs. Baldwin, her issue (who were in herself at the date of the deed) must, in law, also pass with
 
 Hesse
 
 to the plaintiff on that «vent happening.
 

 Per Cueiam. Judgment affirmed.